**BRESSLER, AMERY & ROSS, P.C.**
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200 (phone)
(973) 514-1660 (facsimile)
*Attorneys for Defendants*
*Estes Express Lines and John P. Boozell*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISANDRO R. TUPETE,<br><br>             Plaintiff,<br><br>v.<br><br>JOHN P. BOOZELL, ESTES EXPRESS LINES; ACE PROPERTY & CASUALTY INSURANCE COMPANY, JOHN DOES 1-10 (Fictitious Name); and ABC CORP. 11-20 (Fictitious Corp.),<br><br>             Defendants. | Civil Action No.: _____<br><br><br>**NOTICE OF REMOVAL**<br>**(Diversity)** |

Defendants Estes Express Lines ("Estes") and John P. Boozell ("Boozell") (hereinafter collectively, "Defendants"), through their counsel, pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, and with a full reservation of any and all rights, claims, objections and defenses, hereby files this Notice of Removal from Superior Court of New Jersey, Law Division, Passaic County, in which the action is now pending under Docket Number L-2428-17 to the United States District Court for the District of New Jersey, and respectfully states:

**THE REMOVED CASE**

1.      On or about July 24, 2017, there was commenced and is now pending before the Superior Court of the State of New Jersey, County of Passaic, a civil action entitled Lisandro R. Tupete v. John P. Boozell, *et al.*, Docket No. PAS-L-2428-17 (herein after "State Court Action"). A true copy of the complaint filed in that matter is attached as Exhibit 1.

## JURISDICTION AND GROUNDS FOR REMOVAL

2.      This action is a civil action removable to this Court pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction over this cause under 28 U.S.C. § 1332(a)(1).

3.      Defendant Estes is a corporation of the State of Virginia, having its principal place of business at 1100 Commerce Road, Richmond, Virginia.

4.      Defendant Boozell is a resident of the State of Ohio residing at 630 Esme Drive, Girard, Ohio.

5.      Upon information and belief, Defendant Ace Property & Casualty Insurance Company was a corporation of the State of Pennsylvania, having its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania until its merger with Chubb Insurance in 2016. There is not a single allegation in the Complaint as to Ace Property & Casualty Insurance Company indicating what it allegedly did wrong or why it has been included in this lawsuit.  Accordingly, this entity should be treated either as a nominal party whose residency and consent to removal are not relevant to the removal of this matter by Defendant Estes and Boozell or as one being fraudulently joined.  See Brown v. JEVIC, 575 F.3d 322, 326 (3d Cir. 2009)(stating that joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment).

6.      Upon information and belief, Plaintiff resides in Paterson, New Jersey.

7.      Accordingly, the diversity of citizenship requirement is satisfied pursuant to 28 U.S.C. § 1332(a)(1) and (c).

8.      Plaintiff asserts in the Complaint personal injury due to negligence in the operation, control, maintenance and/or supervision of said motor vehicle resulting in pain, suffering, medical

expenses, and economic losses.  Although the Complaint does not state the monetary amount that Plaintiff seeks in relief, Plaintiff alleges a serious incident and seeks damages for pain, suffering, medical expenses and economic losses, against the Defendants.

9.      Accordingly, Defendants have a good-faith basis to believe that the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. Thus, the amount is controversy requirement is satisfied pursuant to 28 U.S.C. § 1322(a).  This action is, therefore, a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and one which may be removed by Defendants pursuant to 28 U.S.C. §§ 1441(b) and 1446 in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

## THE REMOVAL IS TIMELY AND PROCEDURALLY PROPER

10.      Plaintiff filed his Complaint in state court on or around July 24, 2017.

11.      A copy of the Complaint was mailed by the Service of Process Section of the New Jersey Motor Vehicle Commission on or around September 29, 2017.  Defendants did not receive a copy of the Complaint until October 4, 2017.  Defendants did not receive the Complaint prior to the mailing of same.  Therefore, this Notice of Removal is filed within 30 days of first notice of the lawsuit and less than one year after commencement of the State Court Action.  As such, it is timely under 28 U.S.C. § 1446(b).

12.      Defendant Estes and Boozell have consented to the removal of this action to the United States District Court for the District of New Jersey.

13.      Pursuant to Fed. R. Civ. P. 81(c)(2)(C), Defendants' response to the Complaint is not due to be served until seven (7) days from today, or November 3, 2017.

## FILING OF REMOVAL PAPERS

14.     Pursuant to 28 U.S.C. § 1446(d), Defendants concurrently herewith give written notice of filing of this Notice of Removal to the Plaintiff and to the Superior Court, Passaic County, New Jersey.  A copy of that Notice is attached to this Removal.  (See Exhibit 2 (without exhibits)).

**WHEREFORE**, Defendants Estes Express Lines and John P. Boozell hereby remove Case Number L-2428-17 from the Superior Court of New Jersey, Law Division, Passaic County to this Court for determination and respectfully requests that this Court make and enter an Order of Removal of Case Number L-2428-17.

Respectfully submitted,
**BRESSLER, AMERY & ROSS, P.C.**
*Attorneys for Defendants*
*Estes Express Lines and John P. Boozell*

By:  _____
MaryJane Dobbs

Dated: October 27, 2017

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, at the time of filing the within, the undersigned is not aware that the matter in controversy is the subject of actions pending in any other court, or of any pending arbitration or administrative proceeding, except as disclosed herein.

Respectfully submitted,
**BRESSLER, AMERY & ROSS, P.C.**
*Attorneys for Defendants*
*Estes Express Lines and John P. Boozell*

By:  _____
MaryJane Dobbs

Dated: October 27, 2017

4068508_1

## <u>CERTIFICATE OF SERVICE</u>

On this day, I certify that a copy of the above and foregoing notice was caused to be filed by ECF. I also hereby certify that a true copy of the above and foregoing notice was electronically filed via e-Courts with the Clerk's Office, Superior Court of New Jersey, Passaic County Courthouse, 77 Hamilton Street, Paterson, New Jersey 07505.

I also hereby certify that a true copy of the above and foregoing notice was delivered by U.S. Priority Mail to:

> John E. Clarke, Esq.
> Law Offices of John E. Clarke, LLC
> 16 Furler Street
> Totowa, New Jersey 07512
> *Attorney for Plaintiff Lisandro R. Tupete*

_____
Emily J. Bordens

Dated: October 27, 2017